By the Court.
This is an action in mandamus. Dates are immaterial, and will be omitted.
The relator sustained an injury which entitled bim to an award from the Industrial Commission. An award was made, pursuant to which the commission paid to him a total of $1,210. Thereupon the commission determined that he had thereby been fully compensated for the injury that he had suffered, and refused him permission to longer participate. The relator thereupon appealed to the court of common pleas of Athens county, and on the trial that court found he was entitled to an additional award, entered judgment accordingly, and so certified to the commission. That judgment was paid in full. Thereafter, the relator applied to the commission for an additional allowance, and, upon the hearing of this application, the commission continued his right to participate in the fund up to a stated time, thereby making his total payments from the fund aggre *353 gate $4,346, which the commission found was payment in full for his total temporary disability, and also payment in full for his loss of earning power, and the commission then declined to make further payments and closed the case.
In the appellate action brought in the court of common pleas of Athens county the relator submitted to the court the question of the extent of his injury, as well as his loss of earning power. He accepted the judgment entered by that court, and received pay in accordance therewith, and did not prosecute error to that decision. He now files a petition in this court, asking for a writ of mandamus to compel the commission to grant him a rehearing of his case and to further consider his right to participate in the funds under the control of the commission. The Industrial Commission demurs to this petition, and contends that the facts stated by the relator clearly show that he had a full and complete remedy at law, and therefore is not entitled to a writ of mandamus.
At the time the relator received his injury and filed his claim for an award the statute did not provide for a rehearing in behalf of a claimant, and that law governs in this case, and fully answers the petition in mandamus so far as the prayer for an order commanding a rehearing is concerned.
The writ of mandamus would not give the relator anything which he has not already received; that is to say, his case was considered by the commission when the payments were stopped, as hereinbefore stated, and, if the relator had any remedy at that time, as he claimed he had, under the decision of this court in Industrial Commission v. Davidson, 101 *354 Ohio St., 71, 126 N. E., 876, his remedy was to file a second appeal to the common pleas court. Aside from his request that this court direct a rehearing, he only asks that the commission shall take jurisdiction and pass on his claim to an additional allowance. The commission has already done that, and has refused him the right to further participate, so it would avail nothing to issue, the writ of mandamus ordering the commission, to do that which the commission has already done. If the writ were to issue, the commission could fully and completely answer the order of this court by informing the court that it had already! performed the act commanded.
The demurrer to the petition will be sustained, and the petition dismissed at costs of relator.

Demurrer sustained and petition dismissed.

Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.